MYKIDS TOY MANUFACTURING COMPANY, LTD., Plaintiff—Appellant,

v.

Sanford M. WALKES, an individual dba Essco Sales & Marketing Company; Shirley J. Walkes, Defendants—Appellees.

No. 01–55867.

D.C. No. CV–96–07529–AN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 27, 2003.

Before HALL, KOZINSKI and RAWLINSON, Circuit Judges.

**MEMORANDUM\***

1. The district court properly exercised supplemental jurisdiction over the parties' state law claims. *See* 28 U.S.C. § 1367(a).

These state law claims and MyKids Toy's federal trademark claims center on "a common nucleus of operative fact." *Gilder v. PGA Tour, Inc.,* 936 F.2d 417, 421 (9th Cir.1991). "The ultimate lack of merit of the federal claim does not mean that [supplemental] jurisdiction cannot attach." *Brady v. Brown,* 51 F.3d 810, 816 (9th Cir.1995). The district court did not abuse its discretion when it concluded that retaining jurisdiction over the state law claims at such a late stage of litigation would promote fairness and judicial economy. *See Imagineering, Inc. v. Kiewit Pac. Co.,* 976 F.2d 1303, 1309 (9th Cir. 1992).

2. Substantial evidence supports the jury's award of economic damages to the Walkes. *See Bertero v. Nat'l Gen. Corp.,* 13 Cal.3d 43, 61, 118 Cal.Rptr. 184, 529 P.2d 608 (1974); *see also Gilchrist v. Jim Slemons Imps., Inc.,* 803 F.2d 1488, 1493 (9th Cir.1986). MyKids Toy did not contest the Walkes' financial data at trial because counsel was "under instructions not to put [on] any defense." S.E.R. at 630. In any event, the award is based on stipulated figures, *see, e.g.,* E.R. at 285–87, and is largely consistent with the methodology that MyKids Toy's counsel urged the jury to adopt in his closing argument, *see, e.g.,* Reporter's Transcript of Proceedings, Apr. 13, 1999, at 935–36, 942–43. MyKids Toy fails to overcome the heavy burden of showing that the award was influenced by passion and prejudice. *See Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.,* 219 F.3d 895, 905 (9th Cir.2000).

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.